IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:17CV238 |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| JAN M. MENGEDOHT, Individually, and as Executor of the Charles A. Mengedoht Estate and as Trustee of the H C J Holdings Trust; and WASHINGTON COUNTY TREASURER, | |
| Defendants. | |

This matter is before the court on the Findings and Recommendation, Filing No. 11, of the magistrate judge. This case involves an assessment of taxes by the United States of America against the defendants. Filing No. 1. Plaintiff filed a complaint; defendant Jan Mengedoht filed a motion to dismiss on behalf of the defendants; and the magistrate judge ordered counsel to appear and represent defendants Estate of Charles A. Mengedoht and H C J Holdings Trust. Filing No. 10. Counsel did not file an appearance. As stated by the magistrate judge:

> On August 16, 2017, the court ordered Defendants Estate of Charles A. Mengedoht and H C J Holdings Trust to obtain the services of counsel and have that attorney file an appearance on their behalf by no later than September 6, 2017. The order warned that failure to comply with the court's order may result in an entry of default and/or default judgment against the noncomplying defendants. (Filing No. 10). The order was mailed to Defendant Jan M. Mengedoht, who accepted service on behalf of Defendants Estate of Charles A. Mengedoht and H C J Holdings Trust, and who purportedly filed a motion to dismiss on their behalf. The mailing was mailed to Jan M. Mengedoht's address of record and it not returned. Defendants Estate of Charles A. Mengedoht and H C J Holdings Trust failed to comply with the court's order.

Filing No. 11.

Thereafter, Jan M. Mengedoht, defendant, filed an objection and refusal for cause. Filing No. 13. Defendant first contends that he does not wish to have a magistrate work on any matters in this case. In accordance with 28 U.S.C. § 636(b)(1)(A), the court is permitted to distribute certain tasks, such as making findings and recommendations in dispositive issues, to a magistrate judge. The court has done so in this case, and the defendant has no grounds for this request.

Next, defendant contends that the court order dated on August 16, 2017, Filing No. 10, was not served upon a co-trustee of HCJ Holdings. Jan Mengedoht did not disclose to the court who this person might be as it relates to this case. Likewise, Jan Mengedoht indicates he did not accept service of said order dated August 16, 2017 on behalf of HCJ Holdings or the Estate of Charles A. Mengedoht. However, the court finds that the service was in fact sent to Jan Mengedoht as Trustee of the HCJ Holdings Trust, and to Jan M. Mengedoht as the Executor of the Charles A. Mengedoht Estate. Accordingly, neither of these objections have merit. The service clearly occurred. *See* Filing Nos. 10 and 11, orders sent by Clerk of Court via mail.

Third, Jan Mengedoht contends that there is an indispensable party, a possible executor of the estate of Carl Mengedoht. He does not name this person. Jan Mengedoht is free to file a motion to add an additional party, if he so chooses. *See* Fed. R. Civ. P. 18, 19 and 20.

Next, Jan Mengedoht argues that grounds for dismissal are set forth in his motion to dismiss pursuant to Fed. R. Civ. P. 12(b). *See* Filing No. 8. Jan Mengedoht argues the complaint fails to state a claim upon which relief can be granted by failing to

show facts sufficient to support a claim that there was a federal tax lien against the property of HCJ Holdings.  It is true that Jan Mengedoht filed a motion to dismiss.  However, thereafter, the magistrate judge issued an order that on or before September 6, stating "Defendants the Estate of Charles A. Mengedoht and H C J Holdings Trust shall obtain the services of counsel and have that attorney file an appearance on their behalf, in the absence of which the court may file an entry and/or judgment of default against each non-complying party without further notice." Filing No. 10.  The magistrate judge determined that defendants Estate of Charles A. Mengedoht and H C J Holdings Trust failed to comply with the court's order.  The magistrate judge also stayed the motion to dismiss, pending the outcome of her order.  Because the court finds the Estate of Charles A. Mengedoht and H C J Holdings Trust are in default, the court will now lift the stay.  However, pursuant to the local rules, a party must file a brief in support of a dispositive motion, such as a motion to dismiss. NECivR 7.1(a)(1)(A).  Defendant has failed to file a brief in support of his motion to dismiss.  The court will grant Jan Mengedoht 14 days from the date of this order to so file his brief.  Failure to do so could result in dismissal of his motion to dismiss.

THEREFORE, IT IS ORDERED THAT:

1. The defendant's objections and refusal for cause, Filing No. 13, are overruled;

2. The findings and recommendation of the magistrate judge, Filing No. 11, is adopted in its entirety;

3. Defendants Estate of Charles A. Mengedoht and H C J Holdings Trust are in default, and the Court hereby enters default judgment against each of them;

4. Jan Mengedoht shall file a brief in support of his motion to dismiss, Filing No. 8, within 14 days of the date of this order, or face dismissal of his motion.

Dated this 12th day of December, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge