IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAN M. MENGEDOHT, Individually, and as Executor of the Charles A. Mengedoht Estate and as Trustee of the H C J Holdings Trust; and WASHINGTON COUNTY TREASURER,

    Defendants.

8:17CV238

**MEMORANDUM AND ORDER**

This matter is before the court on Jan Mengedoht's motion to dismiss, Filing No. 8, and objections/brief, Filing No. 16. Mengedoht contends this court has no personal jurisdiction and the complaint fails to state a claim upon which relief can be granted. He further alleges that the government's claim is barred by the statute of limitations. The complaint filed by the government seeks to reduce federal tax assessments against the defendant to judgment and to enforce tax liens against real property which includes the defendant Estate. Filing No. 1.

**BACKGROUND**

The parties in this case were served with summons in the names of Jan Mengedoht, individually, Jan Mengedoht, Estate executor, and Jan Mengedoht, trustee of the Trust, respectively, along with three copies of the complaint, which were personally served on Jan Mengedoht. Filing No. 7. The court found the Estate and Trust to be in default for failing to obtain legal counsel as ordered and entered judgment against them. Filing No. 15. The only issue remaining in this case is whether defendant Jan Mengedoht, individually, has a property interest in the Estate that is superior to the federal tax liens.

**STANDARDS OF REVIEW**

*1. 12(B)1)*

Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* In such a challenge, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims. *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.* at 730.

2. 12(B)(6)

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific

facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'").

**DISCUSSION**

Mengedoht contends that this court has no personal jurisdiction over him. However, the complaint clearly names Mengedoht as the executor of the estate, alleges that Mengedoht was required to file a federal estate tax return but failed to do so; and asserted that Mengedoht served as co-trustee with Carl Mengedoht until Carl's death, and has maintained possession of the property from Carl's death until the present time. Complaint, Filing No. 1. The court agrees that these allegations in the complaint satisfy the pleading requirements. Further, Mengedoht, as the executor (and as trustee and in his individual capacity), was personally served with a summons and copy of the complaint on July 27, 2017. Filing No. 7. In all, it appears that Mengedoht received three summonses and three complaints. He knew he was being sued and what estate was involved. Although there may

have been a technical misnaming of the party,[1] such defect does not deprive this court of personal jurisdiction over Mengedoht in all of his various capacities. *See e.g., Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000) ("The district court erred in failing to consider the well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name.")

Mengedoht also argues that the complaint does not allege sufficient facts to show that plaintiff is entitled to judgment. The court disagrees. The Complaint states that federal tax assessments have been made; that interest continues to accrue; and that a tax lien was issued and filed. The complaint also states that Mengedoht retained control over the property and that he formed a trust and transferred title to the trust. These allegations are sufficient to meet the standard for a complaint.

Mengedoht next argues that the complaint itself was not timely filed in accordance with 26 U.S.C. §§ 6501 and 6901. Section 6501 requires a tax assessment within three years of the filing date. 26 U.S.C. § 6501(a). However, if the taxpayer does not file a return, the tax may be assessed at any time. 26 U.S.C. 6501(c)(3). In this case, the estate failed to file a return. Accordingly, for purposes of the complaint, the assessment is timely. The assessment was made in April 2011. The government has 10 years to file suit, 26 U.S.C. § 6502(a) and has met that deadline.

Mengedoht also argues that "[c]omplaint fails to state a claim upon which relief can be granted as it fails to allege facts showing the Co-Trustee of HCJ Holdings was ever served with an Assessment, Notice of Deficiency, or Demand for Payment." Filing No. 8, ¶ 7. The government contends that Mengedoht is misguided, noting that any taxes owed by

---

[1] Apparently one of the summonses identified Mengedoht as the executor of the Charles A. Mengedoht Estate, rather than the Carl Mengedoht Estate.

the Trust are not part of this lawsuit. This lawsuit involves the Estate, but not the Trust. The court agrees and finds this argument is without merit.

Last, Mengedoht argues "To the extent the Complaint is an attack on the HCJ Holdings Trust such is time barred by one year statute of limitations see Nebraska Uniform Trust Code § 30-3856, which appears on the face of the Complaint." Filing No. 8, ¶ 8. The court agrees with the government that this claim is not a ground for dismissal. First, this lawsuit does not encompass allegations under Nebraska Uniform Trust Code § 30-3856. Second, it appears from the complaint, and as argued by the government, that the Trust was named in this lawsuit as a defendant to allow it to protect any interest it might have to the property. There are no grounds for dismissal.

THEREFORE, IT IS ORDERED THAT:

1. Mengedoht's objections/brief, Filing No. 16, are overruled.
2. Mengedoht's motion to dismiss, Filing No. 8, is denied.

Dated this 22nd day of January, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge