IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>     vs.<br><br>JAN M. MENGEDOHT, Individually, and as Executor of the Carl A. Mengedoht Estate and as Trustee of the H C J Holdings Trust; and WASHINGTON COUNTY TREASURER,<br><br>                      Defendants. | **8:17CV238**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on motion of the United States of America ("United States or "the Government") for summary judgment, Filing No. 37.[1] This is a civil action to reduce tax assessments to judgment and to enforce a tax lien. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

I.    BACKGROUND

The Government sued Jan M. Mengedoht, in his individual capacity and in his official capacities as Executor of the Carl M. Mengedoht Estate ("the Estate") and as Trustee of HCJ Holdings Trust (the "Trust"), and the Washington County Treasurer in order to enforce its Internal revenue service ("IRS") tax liens against the Estate. The Washington County Treasurer and Jan Mengedoht, individually and as trustee of the Trust, were sued only so that they could protect any interest they may claim in the

---

[1] Also pending is the defendant's motion to compel answers to interrogatories and to extend the deadline to complete discovery, Filing Nos. 48 and 50. In light of the Court's disposition, those motions are moot.

property at issue. The United States and Washington County Treasurer have since agreed that any real property taxes that are owed to Washington County Treasurer on the property are entitled to priority over the federal tax liens. Filing No. 30, Stipulation. The record shows defendant Mengedoht, as the executor (and as trustee and in his individual capacity), was personally served with a summons and copy of the complaint on July 27, 2017. Filing No. 7.

The property on which the United States seeks to enforce its federal tax lien is located in Washington County, Nebraska.[2] In its Complaint and Amended Complaint,[3] the Government alleges that federal taxes have been assessed on the

---

[2] The "subject property" is more particularly described as:
ALL that right, title and interest in that certain real property situated in the County of Washington, State of Nebraska, more particularly described as follows, to wit:

> Parcel 1 - The East Half of the West Half of the Southeast Quarter of the Southeast Quarter (E l/2 of W 1/2 of SE 1/4 of SE l/4) of Section Thirty-Five (35) in township Twenty (20) North, Range Nine (9) East of the 6th P.M., in Washington County, Nebraska, containing 10 acres, more or less;
> Parcel 2 - The West Half of the West Half of the Southeast Quarter of the Southeast Quarter (W l/2 W 1/2 SE 1/4 SE 1/4), of Section Thirty-Five (35), Township Twenty (20), North, Range Nine (9), East of the 6th P.M., in Washington County, Nebraska;
> Parcel 3 - The Northeast Quarter of the Southeast One-Fourth (1/4), Section 35, township Twenty (20), Range Nine (9), East of the Sixth P.M., containing Forty (40) acres, more or less according to Government survey, said property located in Washington County, Nebraska;
> Parcel 4 - The North One-Half of the Northwest Quarter of Section 31, Township 20 North, Range 10 East of the 6th P.M., in Washington County, Nebraska;
> Parcel 5 - The Northwest Quarter of the Northeast Quarter (NW 1/4 NE 1/4), the Northeast Quarter of the Northwest Quarter (NE 1/4 NW 1/4), and the North Half of the Southeast Quarter of the Northwest Quarter (N 1/2 SE 1/4 NW 1/4) of Section One (1), in Township Nineteen (19) North, Range Nine (9), and the Southwest Quarter of the Southwest Quarter (SW 1/4 SW 1/4) of Section thirty-six (36), and the East Half of the Southeast Quarter of the Southeast Quarter (E 1/2 SE 1/4 SE 1/4) of Section Thirty-Five (35), in Township Twenty (20), North, Range Nine (9), all East of the 6th P.M., in Washington County, Nebraska;

Estate, a tax lien was issued and filed, and interest continues to accrue. Filing No. 1 & Filing No. 24. The Court denied Mengedoht's motion to dismiss for failure to state a claim, rejecting the defendant's contention that statute of limitations in the Uniform Trust Code barred the action. Filing No. 22, Memorandum and Order at 6.

Neither the Estate nor the Trust properly appeared or answered in this suit, and the Court entered default judgment against them on December 12, 2017. Filing No. 15, Memorandum and Order at 3. The remaining issue in this case is whether Jan Mengedoht has a personal interest in the subject real property that is superior to the federal tax liens that attached to the subject real property. *See* Filing No. 22, Memorandum and Order at 1.

The Government moves for summary judgment, asking the Court to enter judgment in favor of the United States and against Jan M. Mengedoht, Executor of the Carl A. Mengedoht Estate, for federal estate tax liabilities in the amount of $2,635,555.16, plus statutory interest and additions accruing after June 13, 2017. It also seeks a judgment that the United States has a valid and subsisting federal tax lien for the liabilities described herein against all property and rights to property of the Carl

---

> Parcel 6 - The Northeast Quarter of Section 36, Township 20 North, Range 9 East of the Sixth P.M., in Washington County, Nebraska;
> Parcel 7 - The East Half of the Southwest Quarter, and the West Half of the Southeast Quarter, all in Section 36, Township 20 North, Range 9, East of the Sixth P.M. in Washington County, Nebraska.

Filing No. 24, Amended Complaint at 3-4.

[3] The Government was granted leave to amend its complaint to correct an error in captioning the case. Filing No. 19, Motion; Filing No. 23, Text Order.

A. Mengedoht Estate, including the subject property and an order enforcing the federal tax lien attaching to the subject property.[4]

In response, defendant Jan Mengedoht alleges the default judgment was the result of the Government's knowing and deliberate misrepresentations to the Court. *See* Filing No. 46, Notice of Fraud on the Court. In related filings, he requests production of documents, seeks additional time under Federal Rule of Civil Procedure 56(d), seeks to extend discovery, contends he has never received notices of deficiencies or assessments, and moves to compel a fact witness to answer interrogatories. Filing Nos. 40, 48, 50, 52, 53 and 54. He has not shown good cause for any of those requests.[5] He does not challenge the factual statements or legal arguments presented by the Government.

II.   FACTS

In support of its motion, the Government has shown that Carl A. Mengedoht died May 29, 1998. Filing No. 39-1, Affidavit of Shawn Kennedy ("Kennedy Aff."), Exhibit ("Ex.") A, Death Certificate. Carl Mengedoht's Estate failed to file a federal estate tax return (Form 706) with the IRS. *Id.*, Ex. B, Certification of Lack of Record (Form 3050). Jan Mengedoht is the Executor of the Estate and Trustee of the Trust. Filing No. 27,

---

[4] Specifically, the Government requests that the property be sold, that those persons occupying the property leave and vacate the property, and that the proceeds of sale be distributed first to the United States for all administrative costs of the sale and next to the Washington County Treasurer and the United States in accordance with the relative priorities of their claims. Filing No. 24, Brief at 6.

[5] The period to conduct discovery in this case began on March 30, 2018. *See* Filing No. 32, Initial Progression Order. The written discovery deadline was October 1 and the deposition deadline was October 15. *Id.* Motions related to discovery were to have been filed by August 31. Filing No. 35. Mengedoht has not shown good cause for reopening the discovery period and has not shown that any discovery would be relevant to the issue in this case.

Answer, Attachment # 1 at 3, 11, & 19. The IRS examined the Estate's tax liabilities and a delegate of the Secretary of Treasury assessed federal estate tax, penalties and interest against the Estate on April 18, 2011. Filing No. 39-1, Kennedy Decl. at 2; Filing No. 39-2, Ex. C. The amount due with interest and statutory additions through October 1, 2018, is over 2.7 million dollars. Filing No. 39-1, Kennedy Aff. at 2. The tax assessments are shown in the certified IRS transcript of the Estate's tax account. Filing No. 39-1, Kennedy Decl. at 3; Filing No. 39-2, IRS Form 4340, Certificate of Assessments and Payments ("certified IRS transcript").

The Government has also shown that the assessments were based on the value of the Estate's property at the time of Carl Mengedoht's death. Filing No. 39, Kennedy Decl. at 3; Filing No. 39-2, Ex C, certified IRS transcript. The major asset of the Estate, constituting more than 90% of the Estate's value, is the subject property. *Id.,* Kennedy Decl. at 3. The present titleholder to the property is the Trust. Filing No. 27, Answer, Attachment # 2 at 24-25.

The subject property was found to be property of the Estate, and included for estate tax computational purposes, under the Internal Revenue Code ("IRC") because documents associated with the Trust showed that the decedent, Carl Mengedoht, retained the full use, possession, and enjoyment of the subject property and its income during his lifetime and conveyed it to the Trust for less than full and adequate consideration.[6] Filing No. 39-1, Kennedy Aff. at 3. Under the terms of the Trust, Carl

---

[6] At the time of his death, Carl Mengedoht retained the power to alter, amend, revoke, or terminate the transfer of the subject property under the terms of the trust. Under 26 U.S.C. §§ 2036 and 2038, such property is part of the estate.

5

Mengedoht retained the power to alter, amend, revoke, or terminate the transfer of the subject property at the time of his death. Under 26 U.S.C. §§ 2036 and 2038, such property is part of the estate.

The record also shows that a notice of the federal lien associated with the estate tax liabilities was filed with the Register of Deeds of Washington County, Nebraska, on October 7, 2011. Filing No. 39-1, Kennedy Aff. at 3; Filing No. 39-3, Ex. D, Notice of Federal Tax Lien; *see also* Ex. E, Assignment. Attached to his answer to the Government's Amended complaint, defendant Jan Mengedoht filed copies of documents associated with the Trust, including the Trust Registration, the Trust Agreement, Co-Trustee Appointment Acceptances, various Assignments and Bills of Sale associated with the trust property, the Grant Deed for the subject real property, and the Last Will and Testament of Carl A. Mengedoht. Filing No. 27, Answer, Attachments # 1 & # 2. Those documents are also contained in the IRS administrative file associated with the examination of the Carl Mengedoht Estate's taxes. Filing No. 39-1, Kennedy Aff. at 4.

Defendant Jan Mengedoht was deposed in this case. *See* Filing No. 39-4, Declaration of Martin M. Shoemaker ("Shoemaker Decl."); Filing No. 39-5, Ex. F, Transcript of the Deposition of Jan Mengedoht ("Mengedoht Dep. Tr."). When asked if he had a personal interest in the property, Jan Mengedoht refused to answer and stated, "I don't want to waive my natural right to not be compelled to be a witness against myself." Filing No. 39-5 at 24. He also refused to answer other questions on numerous subjects. *Id.* at 7-43.

III. LAW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record . . . that] it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

7

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness-a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). The burden is on the taxpayer to prove that the determination is erroneous. *Boles Trucking, Inc. v. United States*, 77 F.3d 236, 239 (8th Cir. 1996). Courts have held that IRS Certificates of Assessments and Payments 4340 (known as the "certified transcript"), which "details the assessments made and the relevant date that a Summary Record of Assessment was executed, 'are presumptive proof of a valid assessment.'" *March v. I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003) (quoting *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir.1992)). Such evidence is admissible under Rules 803(8), 902(1), and 1005 of the Federal Rules of Evidence.[7]

Under 26 U.S.C. § 7403(a), the United States may bring a lien foreclosure suit to enforce its federal tax liens. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985) (noting that tax liens are not self-executing and affirmative action by the IRS is required to enforce collection of the unpaid taxes). Under the Internal Revenue Code, "the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322; *see Drye v. United States*, 528 U.S. 49, 56 (1999); *Nat'l Bank of Commerce*, 472 U.S. at 719-720.

---

[7] The certified transcript is a public record under Rule 803(8), and, as a domestic public document under seal, or a certified copy of a public record, the document is self-authenticating. Fed. R. Evid. 902(1) and (4), and 1005.

III. DISCUSSION

The Court finds that there is no genuine issue of material fact and the Government is entitled to judgment as a matter of law. Jan Mengedoht has not rebutted the presumption of correctness afforded to the IRS's assessments. Default judgment has been entered against the Trust and the Estate and those entities cannot claim that they have an interest that would have priority to the tax liens. The remaining defendant, Jan Mengedoht in his individual capacity, has not shown he has any interest in the property, much less an interest that is senior to the federal tax liens.

A federal tax lien arose against the Mengedoht Estate on the date that the IRS made the estate tax assessments, April 18, 2011. The tax lien attached to all of the Estate's property, including the subject property, which is the bulk of the Estate's assets. A notice of the tax lien was duly filed with the Washington County Register of Deeds.

The Court finds the lien should be enforced in accordance with 26 U.S.C. § 7403 and the property sold pursuant to 28 U.S.C. § 2001. After the federal tax lien has been satisfied, the distribution of residual proceeds, if any, should be paid to the Trust.

IT IS ORDERED:

1. The United States' Motion for Summary Judgment (Filing No. 37) is granted.

2. The United States is entitled to summary judgment against defendant Estate of Carl Mengedoht for unpaid federal estate tax liability in the amount of

9

$2,790,403.66 as of October 1, 2018, plus interest and statutory additions according to law from October 1, 2018, until this judgment is paid.

3. The United States is entitled to foreclose its valid tax liens against the Estate of Carl Mengedoht in the amount of $$2,790,403.66 as of October 1, 2018, plus interest and statutory additions according to law from October 1, 2018, which attach to and encumber Jan Mengedoht's interests in real property in Washington County, Nebraska, described in this Memorandum and Order at 2-3, n. 2.

4. The United States is entitled to collect the liabilities previously described by selling the subject property. The Court orders sale of the subject property under 28 U.S.C. § 2001.

5. Proceeds from that sale shall be paid first to the United States for the costs associated with the sale and next to Washington County Treasurer for any unpaid real property taxes, remaining sales proceeds shall be distributed to the United States to satisfy the Court's judgment. After the federal tax lien has been satisfied, residual proceeds, if any, should be paid to the Trust, the property's present titleholder.

Dated this 9th day of January, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge